**Otis Perry ROSE, Petitioner,**

v.

**TAZEWELL COUNTY CIRCUIT COURT, Respondent.**

**Civ. A. No. 69–C–126–A.**

United States District Court, W. D. Virginia, Abingdon Division.

Feb. 2, 1970.

Curtis R. Mann., Asst. Atty. Gen., Richmond, Va., for respondent.

## DISMISSAL

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Otis Perry Rose, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed in the United States District Court for the Eastern District of Virginia, and by order dated December 5, 1969, was transferred to this court.

Petitioner is currently serving a sentence of twenty years imposed upon him by the Circuit Court of the County of Tazewell, on April 7, 1969, for murder. The conviction resulted after a trial by jury in which the petitioner, represented by counsel, entered a plea of not guilty.

Petitioner did not directly appeal the conviction. He has filed three petitions for a writ of habeas corpus with the Circuit Court of the County of Tazewell. All were denied. The order denying the last petition, filed on September 2, 1969, is currently being appealed to the Virginia Supreme Court of Appeals.

■ This petition is dismissed for failure of the petitioner to exhaust his available state remedies as required by 28 U.S.C. § 2254. This section provides that the state remedies must be exhausted unless "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." No facts are presented in this case excusing the non-exhaustion of state remedies. Exhaustion requires that the claim be presented once to the highest tribunal in the state. The Virginia Supreme Court of Appeals has never heard the claims presented by petitioner to this court.

■ This action is dismissed without prejudice. The petitioner may bring a similar petition after his available state remedies are exhausted. An appeal to the Virginia Supreme Court of Appeals has been taken and a determination will be forthcoming. Once this appeal is determined, petitioner will have exhausted his available state remedies as to the issues presented in the September 2, 1969, petition. Petitioner is further advised that the proper respondent, in further petitions in the federal courts, should be the person having custody of the petitioner, currently J. D. Cox, Superintendent of the Virginia State Penitentiary.

If the petitioner wishes to appeal this dismissal, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed.